**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **Paradise IP LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**Spotify USA Inc.,**<br><br>Defendant. | Case No.<br><br>Patent Case<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Paradise IP LLC ("Plaintiff"), through its attorneys, complains of Spotify USA Inc. ("Defendant"), and alleges the following:

## PARTIES

1. Plaintiff Paradise IP LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 2108 Dallas Pkwy, Ste 214 - 1025, Plano, TX 75093-4362.

2. Defendant Spotify USA Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 4 World Trade Center, 150 Greenwich Street, New York, New York, 10007.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District and is incorporated in this District's state.

## PATENTS-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 7,200,613 ("the '613 Patent) and 7,791,741 ("the '741 Patent") (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '613 PATENT

8. The '613 Patent is entitled "Asset management system for network-based and non-network-based assets and information," and issued 04/03/2007. The application leading to the '613 Patent was filed on 11/04/2002. A true and correct copy of the '613 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '613 Patent is valid and enforceable.

## THE ’741 PATENT

10. The ’741 Patent is entitled “On-the-fly state synchronization in a distributed system,” and issued 09/07/2010. The application leading to the ’741 Patent was filed on 04/08/2005. A true and correct copy of the ’741 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11. The ’741 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE ’613 PATENT

12. Plaintiff incorporates the above paragraphs herein by reference.

13. **Direct Infringement**. Defendant has directly infringed one or more claims of the ’613 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the “Exemplary Defendant Products”) that infringe at least the exemplary claims of the ’613 Patent also identified in the charts incorporated into this Count below (the “Exemplary ’613 Patent Claims”) literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the ’613 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

14. Defendant also has directly infringed, literally or under the doctrine of equivalents, the Exemplary ’613 Patent Claims, by having its employees internally test and use these Exemplary Products.

15. Exhibit 3 includes charts comparing the Exemplary ’613 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the ’613 Patent. Accordingly, the Exemplary

Defendant Products incorporated in these charts satisfy all elements of the Exemplary ’613 Patent Claims.

16. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

17. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

## COUNT 2: INFRINGEMENT OF THE ’741 PATENT

18. Plaintiff incorporates the above paragraphs herein by reference.

19. **Direct Infringement**. Defendant has directly infringed one or more claims of the ’741 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the “Exemplary Defendant Products”) that infringe at least the exemplary claims of the ’741 Patent also identified in the charts incorporated into this Count below (the “Exemplary ’741 Patent Claims”) literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the ’741 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

20. Defendant also has directly infringed, literally or under the doctrine of equivalents, the Exemplary ’741 Patent Claims, by having its employees internally test and use these Exemplary Products.

21. Exhibit 4 includes charts comparing the Exemplary ’741 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the ’741 Patent. Accordingly, the Exemplary

Defendant Products incorporated in these charts satisfy all elements of the Exemplary ’741 Patent Claims.

22. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

23. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

## JURY DEMAND

24. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the ’613 Patent is valid and enforceable

B. A judgment that the ’741 Patent is valid and enforceable

C. A judgment that Defendant has infringed directly one or more claims of the ’613 Patent;

D. A judgment that Defendant has infringed directly one or more claims of the ’741 Patent;

E. An accounting of all damages not presented at trial;

F. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the ’613 Patent.

G. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the ’741 Patent.

H. And, if necessary, to adequately compensate Plaintiff for Defendants infringement, an accounting:

i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: April 28, 2021

Respectfully submitted,

*/s/ Jimmy Chong*
Jimmy Chong (#4839)
2961 Centerville Road, Suite 350
Wilmington, DE 19808
Telephone: (302) 999-9480
Facsimile: (877) 796-4627
Email: chong@chonglawfirm.com

**Counsel for Plaintiff**
**Paradise IP LLC**